CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 09 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DAVID KISER, | |
| Plaintiff, | Civil Action No. 5:11cv00005 |
| v. | MEMORANDUM OPINION |
| CMH HOMES, INC., | |
| Defendant. | By: Samuel G. Wilson<br>United States District Judge |

This is an action by plaintiff, David Kiser, against defendant, CMH Homes, Inc., ("CMH"), for breach of a lease agreement and waste. Kiser maintains that CMH prematurely terminated the lease of his property in Harrisonburg, Virginia and committed waste by tearing down a house on that property.[1] According to Kiser, the parties orally agreed that CMH would lease the premises for ten years and, as a consequence, would have the right to remove the house. CMH moved to dismiss Kiser's complaint because the parties' written lease expressly provides that the lessee can terminate with ninety days notice, the parol evidence rule prohibits Kiser's representations to the contrary, and Kiser orally authorized CMH to remove the house. The court concludes that because the written lease mentions nothing about removing the house and because there is an acknowledged understanding of some sort concerning the house, the parties' contract is not fully integrated and the parol evidence rule will not prevent Kiser from introducing extrinsic evidence to supply its missing terms. However, because neither party disputes that CMH had permission to destroy the house, Kiser's waste claim fails.

---

[1] Kiser is a resident of Harrisonburg, Virginia. CMH is a Tennessee corporation with its principle place of business in Tennessee. The amount in controversy is over $75,000.

## I.

Kiser owns a parcel of real property in Harrisonburg, Virginia, divided into front and back tracts. In 2003, Kiser leased the back tract of the property to Oakwood Mobile Homes, Inc. ("Oakwood"), pursuant to a written lease ("the lease"). Kiser also leased the front tract, which contained a three bedroom house, to a different tenant. Oakwood's lease began on July 1, 2003 and lasted for five years. Rent was $500 per month. The lease provided that Oakwood, the lessee, had "the right and privilege to terminate [the lease] . . . by giving Ninety (90) day's notice in writing to [Kiser, the lessor], by certified mail, prior to the anticipated termination date." (Compl. Ex. 1, at 1.) The lease contained a merger clause stating that the parties agreed that the lease "contain[ed] the entire agreement between [the parties, and] that its terms [could] not be varied or contradicted by oral testimony." (Id. at 2.)

In April, 2004, CMH obtained all of Oakwood's rights, interests and obligations in the lease through Oakwood's Chapter 11 bankruptcy proceedings. On July 25, 2005, Kiser and CMH amended the lease. The amendment changed the lease to include the entire parcel of Kiser's property – both the front and back tracts, extended the term of the lease ten years (to August 31, 2015), and increased the rent to $1,200 a month for the first five years and to $1,500 for the last five years. Lastly, the amendment stated: "All other terms and conditions of [the lease] remain in full force and effect and binding on both parties." (Compl. Ex. 2, at 1.) Though neither the amendment nor the original lease mentions the house on the front tract of Kiser's property, a roughly drawn map attached as an exhibit to the amendment shows a structure on the front tract of Kiser's property, labeled "White house."

Not long after signing the amendment, CMH destroyed the house on the front tract.[2] Some years later, on December 18, 2009, Ernie Rochat, a retail property manager for CMH, sent Kiser a letter purporting to give ninety days notice that CMH was canceling the lease. Kiser replied to Rochat by letter that he expected CMH to replace the former house on the front tract of Kiser's property with a house of similar or equal value. CMH declined Kiser's request.

On January 4, 2011, Kiser sued CMH in Virginia state court, and CMH removed the case to this court. Kiser claims that CMH breached its lease by terminating it before ten years passed and committed waste by demolishing the house. Kiser claims that he gave CMH permission to destroy the house pursuant to an agreement that CMH would lease the property for the full ten year term. CMH moved to dismiss Kiser's complaint for failure to state a claim for relief because the written lease and its written amendment represent the complete agreement of the parties, and the parol evidence rule bars evidence of an ancillary unwritten understanding. CMH also asserts that Kiser cannot maintain a claim for waste claim because Kiser gave CMH permission to destroy the house. It is undisputed that CMH had permission to destroy the house, but the parties dispute the terms of that permission.

## II.

CMH moved to dismiss Kiser's breach of contract claim because the parol evidence rule bars admission of prior or contemporaneous agreements to an integrated contract. The court concludes, however, that because the written lease mentions nothing about removing the house and because there is an acknowledged understanding of some sort concerning the removal of the house, the parties' contract is not fully integrated and the parol evidence rule will not prevent

---

[2] In fact, CMH claims that the house was destroyed on the same day that the amendments to the lease were signed – July 25, 2005. (Def.'s Mot. Dismiss 3.)

3

Kiser from introducing extrinsic evidence to supply its missing terms. Accordingly, the court denies CMH's motion to dismiss.[3]

"Parol evidence of prior of contemporaneous oral negotiations or stipulations is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional written instrument." Shevel's, Inc.-Chesterfield v. Se. Ass'n, 228 Va. 175, 182 (1984) (citations omitted). However, "[w]here the entire agreement has not been reduced to writing, parol evidence is admissible, not to contradict or vary its terms but to show additional independent facts contemporaneously agreed upon, in order to establish the entire contract between the parties." Id. at 182–83 (citations omitted); see also WILLISTON ON CONTRACTS § 33:19 (4th ed.) ("If the parties never adopted the writing as a statement of the whole agreement, the rule does not exclude parol evidence of additional promises."). This doctrine, known as partial integration, has three requirements: "(1) the parties did not reduce their entire agreement to writing; (2) the extrinsic evidence does not contradict or vary the written terms; and (3) the extrinsic evidence involves items on which the parties agreed contemporaneously with the writing." Swengler v. ITT Corp. Electro-Optical Prods. Div., 993 F.2d 1063, 1069 (4th Cir. 1993).[4]

---

[3] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). In evaluating a motion to dismiss, the court accepts all of the plaintiff's allegations as true, except as to legal conclusions. Id.

[4] A merger clause is generally seen as evidence that the contract is a complete integration of the agreement between the parties. See Wuchenich v. Shenandoah Memorial Hosp., 2000 U.S. App. LEXIS 11557, at *33 (4th Cir. May 22, 2000); In re Brookland Park Plaza, LLC, 2009 Bankr. LEXIS 3241, at *23–24 (Bankr. E.D. Va. Oct. 13, 2009). However, the purpose of the parol evidence rule is to effectuate the intent of the parties. See Waco, Inc. v. Geoenergy Int'l Corp., 1997 WL 381870, at *2 (4th Cir. July 10, 1997) (applying Virginia law). If the parties did not intend the contract to be "a final and . . . complete expression of their agreement[,] . . . the agreement is said to be 'unintegrated,' and the parol evidence rule does not apply." Id. See also Amer. Realty Trust v. Chase Manhattan Bank, N.A., 222 Va. 392, 403 (1981) ("[T]he intention of the parties is the controlling factor.") The intent of the parties is a question of fact. See Waco, Inc., 1997 WL 381870, at *2.

Here, the lease is only partially integrated. CMH and Kiser concur that there was an oral agreement relating to CMH's lease of the property regarding CMH's right to remove the house. Yet, there is not one paragraph, sentence, line or even a term in the written agreement that memorializes it. And despite the fact that CMH has demolished the house, under its concept of the parol evidence rule, only it is permitted to explain why. But from the perspective of the parol evidence rule, if the written agreement were found to be the parties' fully integrated understanding, the court could not hear CMH's explanation anymore than it could Kiser's. In the court's view, however, by tearing down Kiser's house without a written understanding that authorized it, CMH can be called upon to give an account which Kiser is free to controvert. In the language of the parol evidence rule, the parties did not intend for the lease to be fully integrated, and the court will permit the admission of extraneous evidence of a contemporaneous agreement which does not vary the written terms of the contract. Accordingly, Kiser's complaint states a plausible claim for breach of contract, and the court denies CMH's motion to dismiss that claim.

## III.

Because both parties agree that CMH had permission to remove the house, the court dismisses Kiser's tort claim for waste. Waste is the "destruction or material alteration or deterioration of the freehold, or of the improvements forming a material part thereof, by any person rightfully in possession, but who has not the fee title or the full estate." Chosar Corp. v. Owens, 235 Va. 660, 663 (1988) (quoting BLACK'S LAW DICTIONARY 1425 (5th ed. 1979).). However, a party cannot recover for waste when it consented to the alleged waste. Vicars v. First Va. Bank-Mountain Empire, 250 Va. 103, 109 (1995). Here, Kiser admits that he

consented to CMH's destruction of the house. Therefore, the court grants CMH's motion to dismiss Kiser's claim for waste.

**IV.**

For the reasons stated above, the court denies CMH's motion to dismiss Kiser's breach of contract claim and grants its motion to dismiss Kiser's claim for waste.

**ENTER**: May 9, 2011.

_____
UNITED STATES DISTRICT JUDGE